UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANK MAZZOLA,<br><br>                Plaintiffs,<br><br>v.<br><br>PRIME EFS, LLC, TRANSPORTATION AND LOGISTIC SYSTEMS, INC. f/k/a PETROTERRA CORP., JOHN MERCADANTE and DOUGLAS CERNY,<br><br>                Defendant. | Case No.<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Frank Mazzola, by way of Complaint against Defendants Prime EFS, LLC, Transportation and Logistic Systems, Inc. f/k/a PetroTerra Corp., John Mercadante and Douglas Cerny alleges as follows:

## THE PARTIES

1. Plaintiff Frank Mazzola ("Mazzola"), is the Chief Operating Officer of Defendant Prime EFS, LLC ("Prime") and a resident of the State of New Jersey.

2. Defendant Prime is a Limited Liability Company formed under the laws of the State of New Jersey with a principle place of business in Carlstadt, New Jersey. Prime is in the trucking and transportation business and conducts operations primarily in the State of New Jersey.

112579950

3. Defendant Transportation and Logistic Systems, Inc. f/k/a PetroTerra Corp. ("TLSS") is a Nevada corporation with its principle place of business located in Jupiter, Florida.

4. Defendant John Mercadante ("Mercadante") is the Chief Executive Officer of TLSS and a resident of the State of Florida.

5. Defendant Douglas Cerny ("Cerny") is an officer and Board Member of TLSS and/or Prime and, upon information and belief, a resident of the State of Florida.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, as there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and the parties' agreement selects this court as jurisdiction for an action to be brought.

## FACTUAL ALLEGATIONS

8. Up through and including June of 2018, Mazzola was an executive and officer of Prime, performing his duties without an employment agreement.

9. On June 18, 2018, and in connection with the sale of all ownership interests in Prime to TLSS, Mazzola executed a certain employment agreement (the "Agreement").

10. The Agreement was negotiated among and between counsel representing the interest of Mazzola, and counsel representing the interest of TLSS.

11. In this regard, on or about June 15, 2018, and prior to the closing of the sale of Prime's membership interest to TLSS, counsel for TLSS provided an execution version of the employment agreement for Mazzola's signature.

12. On June 18, 2018, Mazzola, through counsel, provided his executed employment agreement, to be held in escrow pending closing.

13. Later that same day, counsel for TLSS provided signature pages from TLSS for the agreement to be held in escrow pending closing.

14. Thereafter, the contemplated transaction, where TLSS acquired the membership interests of Prime, closed in the ordinary course, and the parties commenced performance under the Agreement.

15. Unfortunately, in or about May of 2019, Mercadante and Cerny caused TLSS and/or Prime to breach its obligations to Mazzola under the Agreement and reduced Mazzola's compensation from approximately $750,000 per annum to approximately $300,000 per annum.

16. Additionally, in or about April of 2020, Mercadante and Cerny caused TLSS and/or Prime to reduce Mazzola's compensation from approximately $300,000 per annum to $150,000 per annum.

17. On June 1, 2020, Mazzola provided notice under the Agreement, advising of a material diminution in his compensation in violation of the terms of the Agreement, affording TLSS and/or Prime a period of thirty (30) days to cure the default.

18. Unfortunately, Prime has failed and refused to cure the default. Instead, TLSS and/or Prime have taken the position under the direction of Mercadante and/or Cerny, that the terms of the Agreement were never agreed upon and that Prime never executed the Agreement.

19. Worse still, TLSS stated this position, which it knew or should have known to be false, in its publicly filed Form 10-Q with the United States Security and Exchange Commission (the "SEC").

20. On or about July 20, 2020, Mazzola provided additional notice to TLSS and Prime that the contention that the Agreement was never executed, is demonstrably false.

21. In fact, Mazzola's July 20, 2020 notice enclosed a copy of an email chain from June 18, 2018 with attachments, demonstrating that Mazzola's employment agreement was, in fact, executed by Prime's Chief Executive Officer.

22. Nevertheless, TLSS and/or Prime have failed and refused to perform under the Agreement and alleged, without any legitimate basis, that the Agreement was never executed.

23. Worse still, on July 24, 2020 and in further breach of the Agreement, Mercadante telephoned Mazzola, and in the presence of Jason Lerner, Director of Human Resources, advised that he had "lost faith" in Mazola and terminated Mazzola's employment, effective immediately.

24. Soon thereafter, Mercadante advised certain critical employees that the company had decided to "go in a different direction" and, on that basis, determined to terminate Mazzola.

25. Certainly, the termination of Mazzola was in breach of the Agreement.

26. Accordingly, Mazzola brings this action to obtain specific performance of the Agreement and for damages of a sum not less than $3.0 million.

## FIRST COUNT
### (Breach of Contract)

27. Plaintiffs incorporate by reference the Factual allegations in the Complaint as though set forth herein at length.

28. Prime entered into the Agreement with Mazzola on June 18, 2018.

29. The Agreement contains certain provisions concerning Mazzola's compensation.

30. Prime has breached the Agreement by unilaterally reducing Mazzola's compensation and terminating Mazzola in breach of the Agreement.

31. As a direct and proximate result of Prime's breach of the Agreement, as aforesaid, Mazzola has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** the Plaintiff Frank Mazzola demands judgment against Defendant Prime EFS, LLC for specific performance of the Agreement, damages, interest, costs of suit and such other and further relief as the Court deems equitable and just.

## SECOND COUNT
### (Breach of Covenant of Good Faith and Fair Dealing)

28. Plaintiffs incorporate by reference the allegations in the First Count of the Complaint as though set forth herein at length.

29. Prime unilaterally reduced Mazzola's compensation in violation of the Agreement, claiming that such compensation has been "deferred" and unlawfully terminated Mazzola.

30. Additionally, and separate from its breach of the Agreement, Prime has taken the position in publicly filed documents with the SEC that Prime never executed the

Agreement, nor approved of all of its terms, and that the Agreement in place between the parties was merely a "draft".

31. Prime's position in connection with its failure to perform the Agreement is knowingly false, willful and wanton, and in violation of the implied covenant of good faith and fair dealing.

32. As a direct and proximate result of Prime's breaches of the implied covenant of good faith and fair dealing, Mazzola has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** the Plaintiff Frank Mazzola demands judgment against Defendant Prime EFS, LLC for specific performance of the Agreement, damages, interest, costs of suit and such other and further relief as the Court deems equitable and just.

## THIRD COUNT
**(Intentional Misrepresentation)**

33. Plaintiffs incorporate by reference the allegations in the First and Second Counts of the Complaint as though set forth herein at length.

34. At times relevant hereto, TLSS and/or Prime through Mercadante, represented to Mazzola, that any reduction in compensation was temporary and that sums not paid would be considered due and owing and paid to Mazzola at a later date.

35. Mercadante made these representations to Mazzola to induce him to continue to perform under the Agreement.

36. Mercadante knew or should have known that his representations were false when made.

37. Mazzola relied upon Mercadante's representations by continuing his performance under the Agreement and foregoing other opportunities.

38. As a direct and proximate result of TLSS's and/or Prime's and Mercadante's misrepresentations, as aforesaid, Mazzola has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** the Plaintiff Frank Mazzola demands judgment against Defendants Prime EFS, LLC, Transportation and Logistic Systems, Inc. f/k/a PetroTerra Corp. and John Mercadante, jointly and severally, for specific performance of the Agreement, compensatory and punitive damages, interest, costs of suit and such other and further relief and damages.

### FOURTH COUNT
**(Negligent Misrepresentation)**

39. Plaintiffs incorporate by reference the allegations in the First through Third Counts of the Complaint as though set forth herein at length.

40. TLSS's, Prime's and Mercadante's representations, as aforesaid, were negligent when made.

41. As a direct and proximate result of the Defendants' negligent misrepresentations, Mazzola has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** the Plaintiff Frank Mazzola demands judgment against Defendants Prime EFS, LLC, Transportation and Logistic Systems, Inc. f/k/a PetroTerra Corp. and John Mercadante, jointly and severally, for specific performance of the Agreement, damages, interest, costs of suit and such other and further relief and damages.

112579950

## FIFTH COUNT
**(Tortious Interference with Contract)**

42. Plaintiffs incorporate by reference the allegations in the First through Fourth Counts of the Complaint as though set forth herein at length.

43. TLSS, Mercadante and Cerny knew or should have known of the Agreement and the provisions contained therein.

44. Notwithstanding that knowledge, TLSS, Mercadante and Cerny interfered with the agreement by causing Prime to breach.

45. TLSS's, Mercadante's and Cerny's conduct, as aforesaid, was intentional, with malice, for the purpose of enriching themselves and at the expense of Mazzola.

46. As a direct and proximate result of the foregoing intentional interference with the Agreement, Mazzola has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** the Plaintiff Frank Mazzola demands judgment against Defendants Transportation and Logistics Systems, Inc. f/k/a PetroTerra Corp., John Mercadante and Douglas Cerny, jointly and severally, for specific performance of the Agreement, compensatory and punitive damages, interest, costs of suit and such other and further relief and damages.

## SIXTH COUNT
**(Tortious Interference with Prospective Economic Advantage)**

47. Plaintiffs incorporate by reference the allegations in the First through Fifth Counts of the Complaint as though set forth herein at length.

48. By intentionally, willfully and maliciously causing Prime to reduce the compensation due to Mazzola, and by falsely representing that such compensation would

be paid at a later date, so as to induce Mazzola to forego other opportunities, TLSS and Mercadante have tortuously interfered with Mazzola's prospective economic advantage.

49. TLSS's and Mercadante's conduct was willful and intentional with malice for the purpose of enriching themselves at the expense of Mazzola.

50. As a direct and proximate result of the tortious interference with Mazzola's prospective economic advantage, Mazzola has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** the Plaintiff Frank Mazzola demands judgment against Defendants Transportation and Logistics Systems, Inc. f/k/a PetroTerra Corp., John Mercadante and Douglas Cerny, jointly and severally, for specific performance of the Agreement, compensatory and punitive damages, interest, costs of suit and such other and further relief and damages.

### SEVENTH COUNT
### (Conversion)

51. Plaintiffs incorporate by reference the allegations in the First through Sixth Counts of the First Complaint as though set forth herein at length.

52. Defendants have exercised unlawful dominion and control over certain assets of Mazzola.

53. By causing and participating in the misappropriation of Mazzola's assets, Defendants have engaged in conversion.

54. As a direct and proximate result of Defendants' conversion, Mazzola has suffered and continues to suffer irreparable harm and damages.

**WHEREFORE,** the Plaintiff Frank Mazzola demands judgment against Defendants Prime EFS, LLC, Transportation and Logistic Systems, Inc. f/k/a PetroTerra

Corp., John Mercadante and Douglas Cerny, jointly and severally, for specific performance of the Agreement, compensatory and punitive damages, interest, costs of suit and such other and further relief and damages.

### EIGHTH COUNT
**(Unjust Enrichment)**

55. Plaintiffs incorporate by reference the allegations in the First through Seventh Counts of the Complaint as though set forth herein at length.

56. As a direct and proximate result of the foregoing, Defendants have been unjustly enriched.

**WHEREFORE,** the Plaintiff Frank Mazzola demands judgment against Defendants Prime EFS, LLC, Transportation and Logistic Systems, Inc. f/k/a PetroTerra Corp., John Mercadante and Douglas Cerny, jointly and severally, for specific performance of the Agreement, damages, interest, costs of suit and such other and further relief and damages.

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiffs*

  /s/ Marc J. Gross
MARC J. GROSS, ESQ.
101 Park Avenue
17th Floor
New York, New York 10178
Tel: 212-878-7900
Fax: 212-692-0940

Dated:

112579950

## JURY DEMAND

Plaintiff, Frank Mazzola hereby demands a trial by jury as to all issues so triable.

                                                **FOX ROTHSCHILD LLP**
*Attorneys for Plaintiffs*

                                                __**/s/ Marc J. Gross**__
MARC J. GROSS, ESQ.
101 Park Avenue
17th Floor
New York, New York 10178
Tel: 212-878-7900
Dated:                                    Fax: 212-692-0940

112579950